**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHANNIS JORRY RUAW;<br>MAURITS RUAW,<br><br>               Petitioners,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 08-70984<br><br>Agency Nos.     A078-020-400<br>                      A095-634-562<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Johannis Jorry Ruaw and Maurits Ruaw, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's decision denying their applications for

asylum, withholding of removal, and protection under the Convention Against

---

       [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we dismiss in part and deny in part the petition for review.

On November 17, 2010, the BIA reopened proceedings with respect to Johannis (A078-020-400), so that he could pursue adjustment of status. Consequently, there is no final order of removal currently in effect as to Johannis, and this court lacks jurisdiction over his petition for review. *See* 8 U.S.C. § 1252(a)(1); *cf. Alcala v. Holder*, 563 F.3d 1009 (9th Cir. 2009). We dismiss the petition for review with respect to Johannis.

In the opening brief, Maurits does not challenge the agency's dispositive finding that his application for asylum was untimely. Accordingly, we deny the petition for review as to his asylum claim.

With respect to withholding of removal, Maurits does not claim he suffered any harm in Indonesia due to his Christianity, but he fears he will be persecuted in the future. Even as a member of a disfavored group, the record does not compel the conclusion Maurits established a clear probability of persecution, because he failed to demonstrate his general, undifferentiated fear of harm is distinct from the fears felt by all other Christians in Indonesia. *See Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc) ("In sum, [petitioner] has provided no

evidence that [he] has been, or is likely to be, specifically targeted for persecution by any individual or group in Indonesia."); *see also Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009). Accordingly, Maurits' withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of Maurits' CAT claim because he failed to show it is more likely than not that he will be tortured if returned to Indonesia. *See id*. at 1067-68.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**